[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14465
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60113-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL CARLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2015)

Before WILSON, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Raul Carlin appeals his sentence of 46 months of imprisonment following his plea of guilty to reentering the United States illegally a third time. 8 U.S.C. § 1326(a). Carlin challenges the denial of his motion for a downward departure and the reasonableness of his sentence. We affirm.

We lack jurisdiction to review the denial of Carlin's motion for a downward departure. A decision to deny a downward departure is shielded from review when the record "suggests that the [district] court understood that it could depart, but chose not do so." *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). Carlin argued that his offense level overstated the seriousness of his prior offense, United States Sentencing Guidelines Manual § 4A1.3(b)(1) (Nov. 2013), and that former commentary to the guideline for illegal reentries recommended a departure if a defendant had one prior felony conviction that did not involve violence and for which he had received a sentence of one year or less, *id.* § 2L1.2 cmt. n.5 (Nov. 1999). The district court ruled that there was "no basis for [it] to depart . . . [based on the former commentary because Carlin's] prior felony, the aggravated assault with a firearm, is, in fact, a prior crime of violence." The district court also considered evidence that Carlin had committed the offense "when [he was] 17 years of age," had "work[ed] as a barber . . . [and] received a monthly income of $1,600 yet . . . never filed an income tax return," and had reentered the United States illegally where he amassed several convictions, and the court determined

2

that it was "not inclined to depart from the guidelines." These remarks do not reflect that the district court failed to understand its authority to depart.

Carlin's sentence is reasonable. The district court stated that it considered Carlin's presentence investigation report, the statutory sentencing factors, and his arguments for a sentence of 30 months based on the overstatement of his criminal history, his desire to reunite with family in Florida, and his improvement in character, and determined that a sentence at the low end of Carlin's advisory guideline range of 46 to 57 months was "appropriate." *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Carlin was deported in December 2006 after completing a custodial sentence for aggravated assault with a firearm; in May 2009, he reentered this country illegally and was deported following his convictions for carrying a concealed weapon, resisting arrest without violence, driving without a license, and giving a false name to law enforcement; and in July 2012, he was deported a third time. Undeterred, Carlin again reentered the United States illegally and was apprehended by immigration officials in April 2014. Based on that record, the district court reasonably determined that a sentence of 46 months of imprisonment would best address the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). Carlin's sentence, which is well below his maximum statutory penalty of 20 years for his illegal reentry, is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Carlin's sentence.